UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KENNETH CUNNINGHAM,

                                        Plaintiff,

              vs.                                              9:06-CV-272
                                                               (LEK/GJD)

THE DEP'T OF CORRECTIONAL
SERVICES, et al.,

                                        Defendants.

_____

KENNETH CUNNINGHAM
Plaintiff pro se

BRIDGET E. HOLOHAN
Asst. Attorney General for Defendants

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the

Honorable Lawrence E. Kahn, United States District Judge pursuant to 28 U.S.C.

§ 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights complaint, plaintiff alleges that he has been denied access to

courts in violation of his federal constitutional rights. (Dkt. No. 1).  Plaintiff seeks

injunctive as well as substantial monetary relief.

Presently before the court are two motions to dismiss. (Dkt. Nos. 20, 40).

Defendants' first motion to dismiss was filed on behalf of defendants Department of

Correctional Services; Dale Artus; Linda Turner; and J. Bell. (Dkt. No. 20).  The

second motion to dismiss was made on behalf of defendant Armitage because he had

not been served at the time defendants' first motion was filed. (Dkt. No. 40).  Plaintiff

has opposed both motions. (Dkt. Nos. 28, 42, 44).  Defendants have filed a reply to

plaintiff's first response. (Dkt. No. 34).  The court notes that in plaintiff's response to

defendants' first motion, he asks that the court allow him to amend his complaint.

(Dkt. No. 28).  Although this request was not filed as a separate motion, the court will

consider plaintiff's request.

## DISCUSSION

### 1.    <u>Motion to Dismiss</u>

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994)

(citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The court must accept

the material facts alleged in the complaint as true. *Id*. (citing *Cooper v. Pate,* 378 U.S.

546 (1964)(per curiam)).  In determining whether a complaint states a cause of action,

great liberality is afforded to *pro se* litigants. *Platsky v. Central Intelligence Agency*,

953 F.2d 26, 28 (2d Cir. 1991)(citation omitted).

When considering a motion to dismiss for failure to state a claim, the court may

consider the complaint, together with any documents attached as exhibits or

incorporated by reference. *See Dangler v. New York City Off Track Betting Corp.*, 193

F.3d 130, 138 (2d Cir. 1998).  The court may also consider public documents and

those of which judicial notice may be taken. *Kramer v. Time Warner, Inc.*, 937 F.2d

767, 773-74 (2d Cir. 1991).  When matters outside the pleadings are presented, the

court may either exclude those matters or treat the motion as one for summary

judgment under FED. R. CIV. P. 56. FED. R. CIV. P. 12(b).

However, when a plaintiff chooses not to attach or incorporate by reference a

document upon which he solely relies and that is integral to the complaint, the court

may take the document into consideration without converting the motion. *Internat'l*

*Audiotext Network v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).  In

order to be "integral" to the complaint, the complaint must rely heavily on the

document's terms and effect." *Young v. Lee*, 432 F.3d 142, 146-47 (2d Cir.

2005)(citations omitted).  If the court is to consider this type of document, it must be

clear that no dispute exists regarding the authenticity or accuracy of the document and

that no material dispute exists regarding the relevance of the document. *Falkner v.*

*Beer*, 463 F.3d 130, 134 (2d Cir. 2006).  One of the most important considerations is

that when considering the sufficiency of a pro se complaint, the court must afford the

plaintiff great liberality and apply less stringent standards than when a party is

represented by counsel. *Branham v. Meachum*, 77 F.3d 626, 628-29 (2d Cir. 1996).

2.    **Facts**

In this complaint, plaintiff alleges that beginning in May of 2005, he has been

denied proper access to the law library at Clinton Correctional Facility.  Plaintiff

claims that this denial has violated his First, Sixth, and Fourteenth Amendment rights

to access to courts.   Plaintiff states that defendants Turner, Bell, and Armitage denied

plaintiff access to the law library on unspecified dates.  Plaintiff claims that due to this

denial of access, two of his cases, *Cunningham v. Goord*, 1711/05 (an Article 78

proceeding) and *Cunningham v. DOCS, et al.*, 04 Civ. 5566 (a case pending in the Southern District of New York), have been dismissed.

Plaintiff alleges that he wrote to defendant Artus and to the law library supervisor, S. Giguere, informing them of his "court ordered deadlines for 6/22/05, 8/1/05 and 8/8/05 . . . ." Plaintiff states that he filed a grievance, complaining of the denial of access to the law library, but that grievance was denied on July 27, 2005 by defendant Turner. Plaintiff also alleges that he filed a second grievance, entitled "'denied access to courts'" against defendants Artus, Turner, Bell, and Armitage that was denied on August 22, 2005 by defendant Turner. The appeal of this second grievance was allegedly denied on September 28, 2005.

Plaintiff claims denial of access to courts by defendants Artus, Turner, Bell, and Armitage. Plaintiff alleges that defendant Turner violated plaintiff's rights when she denied his second grievance because she was a defendant in the grievance. Plaintiff also alleges that defendant Armitage violated plaintiff's Sixth Amendment rights when he placed plaintiff in keeplock for twenty days after finding him guilty at a disciplinary hearing, despite knowing that plaintiff had court deadlines. Plaintiff claims that his placement in keeplock caused him to rely upon inmate law library clerks to deliver legal materials to plaintiff's cell.

Finally, plaintiff alleges that defendant Bell violated plaintiff's Sixth Amendment rights when Bell affirmed the penalties imposed by defendant Armitage and Lieutenant Bezio. Plaintiff states that if defendant Bell had modified the penalties to loss of privileges and dismissed the keeplock status, plaintiff would have been able

to go to the law library and meet his court deadlines.

## 3.    Eleventh Amendment

It is now well-settled that the state itself cannot be sued under section 1983. *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d Cir. 1995)(citing *Will v. Michigan Department of Police*, 491 U.S. 58, 71 (1989)).  This is true whether the court is considering Eleventh Amendment immunity or a statutory interpretation of section 1983. *Id.* at 815 n.3.

An agency of the state or a governmental entity is considered an arm of the state for Eleventh Amendment purposes. *Will v. Michigan Dep't of Police*, 491 U.S. at 70. As such, the entity is entitled to the same protection from suit. *Id.*  An action against state officers in their official capacities is tantamount to an action against the state and may thus, not be maintained under section 1983.  *Yorktown Medical Laboratory v. Perales*, 984 F.2d 84, 87 (2d Cir. 1991).

In this case, plaintiff has named the Department of Correctional Services (DOCS) as a defendant.  DOCS is an agency of the state, and defendants argue that it must be dismissed as a defendant.  Plaintiff responds to this argument by stating that he may sue individuals employed by DOCS.[1] (Dkt. No. 28 at 2). While it is true that plaintiff may sue employees of DOCS for damages in their "individual capacities," as stated above, plaintiff may not sue the defendants for damages in their "official capacities." *Yorktown, supra.* Thus, to the extent that plaintiff seeks damages against

---

[1] Plaintiff also has an argument regarding a motion to amend in the same paragraph that responds to defendants' Eleventh Amendment argument.  This court will address the request to amend in a separate section of this recommendation.

either DOCS or the defendants in their official capacities, the action may be dismissed.

## 4.    Access to Courts

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that access to the courts is a fundamental right that requires prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  The Supreme Court has also held that an inmate alleging a denial of access to courts must show ***actual injury*** as a result of the deficient access to courts. *Lewis v. Casey*, 518 U.S. 343 (1996).  The ***cause of the injury*** must be inadequacy of the access.  *Id.* at 351.  Plaintiff must show that a non-frivolous legal claim was frustrated or impeded due to the actions of prison officials. *Warburton v. Underwood*, 2 F. Supp. 2d 306, 312 (W.D.N.Y. 1998)(quoting *Lewis v. Casey*, 518 U.S. at 353).

In this case, plaintiff alleges that two of his cases were dismissed because of the defendants' conduct.  Plaintiff first cites an Article 78 proceeding that he brought in the Supreme Court, Dutchess County. *Cunningham v. Goord, et al.*, No. 1711/05 (Sup. Ct. Sept. 26, 2005).  Defendants have attached the decision, dismissing plaintiff's action as an exhibit to their motion to dismiss. Defendants' Ex. C.  It is clear from the decision, that plaintiff's case was dismissed for lack of merit, ***not*** for the inability to file papers or from the lack of access to a law library.  Although the court noted that many of plaintiff's issues had not been "preserved," the court considered ***all of them*** on the merits. *Id.*  Thus, the dismissal was ***not*** due to plaintiff's failure to meet a

6

deadline.

Plaintiff argues that the Article 78 court rejected his "reply" because it was not notarized, and that the failure to provide plaintiff with a notary violated plaintiff's right to access to courts. The court would first point out that there is no indication that any of the named defendants denied plaintiff notary services. The other problem with plaintiff's argument is that the first line of the court's decision states that "Petitioner's reply . . . dated August 1, 2005 has not been considered since it is *neither signed nor notarized*." Defendants' Ex. C at p.1. The fact that plaintiff neglected to *sign the document* was at least part of the reason that the document was rejected. Plaintiff cannot blame his failure to sign his submission on the defendants in this case.

The same is true for the second action that plaintiff alleges was dismissed because of defendants' actions. Plaintiff cites *Cunningham v. DOCS, et al.*, 04 Civ. 5566, a case that plaintiff filed in the Southern District of New York. Defendants in this case have submitted a Report-Recommendation by U.S. Magistrate Judge Mark Fox, dated May 13, 2005, recommending dismissal of plaintiff's civil rights action. Defendants' Ex. B. Defendants have also submitted the docket sheet for the Southern District action. Defendants' Ex. A.

The court would first point out that the motion to dismiss plaintiff's Southern District action was filed on November 15, 2004, when plaintiff was not even incarcerated at Clinton Correctional Facility. (Dkt. No. 12 in 04 Civ. 5566). Although it is unclear from the docket sheet, it appears that plaintiff filed his pro se memorandum of law on January 31, 2005, shortly after he was transferred to Clinton.

(Dkt. No. 16 in 04 Civ. 5566).  Magistrate Judge Fox held a pretrial conference on

March 3, 2005, and defendants filed a "Reply" memorandum of law on April 5, 2005.

(Dkt. No. 21 in 04 Civ. 5566)(entry of Reply memorandum).  Thus, the motion in

plaintiff's Southern District case was fully briefed before plaintiff alleges that he was

denied access to the law library by the defendants in this case.

Magistrate Judge Fox found that plaintiff had not exhausted his administrative

remedies, but then decided plaintiff's medical care claim on the merits.  Magistrate

Judge Fox stated that "[e]ven if plaintiff had exhausted his administrative remedy, I

would still recommend that this action be dismissed.  Reading the complaint as

charitably as I can, Plaintiff's allegations do not state any claim for relief under the

Eighth Amendment." Defendants' Ex. B at 17.  Thus, Magistrate Judge Fox's

recommendation of dismissal was in no way related to plaintiff's inability to attend the

law library or make legal arguments, and it was certainly not related to the conduct of

any of the defendants in this action since plaintiff claims that the "denial" of access

began in May of 2005, and this motion was fully briefed in April of 2005.

The court also notes that Magistrate Judge Fox granted every extension request

filed by plaintiff. (Dkt. Nos. 14, 19 in 04 Civ. 5566).  Plaintiff was then granted an

extension of time to file objections to the recommendation. (Dkt. No. 23 in 04 Civ.

5566).  The docket sheet indicates that plaintiff filed objections in a timely manner,

and those objections were considered by the court, prior to its decision to approve the

recommendation and dismiss the action. (Dkt. No. 26 in 04 Civ. 5566).

Plaintiff later appealed the decision to the Second Circuit, and has submitted the

Second Circuit's decision reversing part of the District Court's decision. (Dkt. No. 44, Plaintiff's Ex. A). The Second Circuit held that one of plaintiff's claims would remain dismissed because the appeal of the district court's decision "lack[ed] an arguable basis in fact or law." *Id.* Clearly, this issue was not dismissed because plaintiff did not meet a deadline due to these defendants. The dismissal of plaintiff's second issue was reversed because the district court erred in its consideration of whether the defendants were estopped from raising the defense of non-exhaustion. *Id.*

The fact that plaintiff's Southern District case is ongoing, actually supports defendants' claim that their actions had nothing to do with the dismissal or the subsequent reversal of that dismissal. Thus, plaintiff can show no "actual injury" as a result of any of the defendants' actions in this case, and his claim for denial of access to courts may be dismissed.

**5.    Improper Grievance Procedure**

Tangentially, plaintiff alleges that defendant Turner who denied plaintiff's first grievance, violated plaintiff's due process rights when she presided over his second grievance, notwithstanding that she was a "defendant" in that grievance.

First, the law is clear that plaintiff has no constitutional right to have his grievances processed at all, or if processed, to have the procedure done properly. *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003). A violation of the inmate grievance procedures does ***not*** give rise to a claim under section 1983. *Lunney v. Brureton*, 04 Civ. 2438, 2007 U.S. Dist. LEXIS 38660, *80-83 (S.D.N.Y. May 25, 2007)(citations omitted); *Davis v. Castelberry*, 364 F. Supp. 2d 319, 323 (W.D.N.Y.

9

2005); *Cancel v. Goord*, No. 00-Civ. 2042, 2001 U.S. Dist. LEXIS 3440 (S.D.N.Y. Mar. 29, 2001).  Thus, to the extent that plaintiff alleges that defendant Turner was biased against him, plaintiff does not state a claim.[2]

**6.     Defendants Armitage and Bell**

As stated above, it is clear that plaintiff's lawsuits were dismissed on their merits and not because of any actions by any of the defendants.  The court must simply comment upon the allegations made as against defendants Armitage and Bell. Plaintiff alleges that he participated in two disciplinary hearings, one held by defendant Armitage and the other by a non-defendant officer named Bezio.  Plaintiff claims that he was found guilty of both of the disciplinary violations and sentenced to twenty days keeplock on each violation.

Plaintiff claims that defendant Armitage violated plaintiff's right to access to courts when he sentenced plaintiff to twenty days keeplock, knowing that plaintiff had court-ordered deadlines to meet.  Plaintiff also claims that defendant Bell violated plaintiff's right to access to courts when he did not modify the penalties to allow for a loss of privileges rather than keeplock, so that plaintiff could go to the law library. Plaintiff claims that he was forced to rely on inmate law library clerks who brought

---

[2] The court notes that it is unclear at which point in the grievance procedure defendant Turner was involved.  The inmate must first file a grievance with the Grievance Clerk, and the grievance will first be decided by the Inmate Grievance Resolution Committee (IGRC). 7 N.Y.C.R.R. § 701.5(a)(1) & (b).  An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id.* § 701.5(c).  Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee (CORC). *Id.* § 701.5(d).  From plaintiff's complaint, it appears that defendant Turner was involved in the plaintiff's appeal from the IGRC, which apparently had already denied plaintiff's grievance.  Plaintiff also alleges in the complaint that he presented his "court ordered deadlines" at two separate IGRC hearings.

him the wrong materials in February of 2006.

As stated above, plaintiff cannot show that the dismissals of his actions were in any way related to the defendants' conduct.  Additionally, the fact that the inmate law clerks brought the wrong documents is not conduct that can be attributed to the defendants.

**7.    Motion to Amend**

Generally, the court has discretion whether or not to grant leave to amend [a pleading].  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In exercising this discretion, the court must act pursuant to FED. R. CIV. P. 15(a), granting leave to amend "freely ... when justice so requires."  FED. R. CIV. P. 15(a); *Foman*, 371 U.S. at 182.  A motion to amend should not be denied unless there has been undue delay, bad faith, undue prejudice to the opposing party, or the amendment is futile. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)(citing *Foman, supra*).

Generally, an amendment is futile if the pleading fails to state a claim or would otherwise be subject to dismissal. *U.M.G. Recordings, Inc. v. Lindor*, CV-05-1095, 2006 U.S. Dist. LEXIS 83486, *5-6 (E.D.N.Y. Nov. 9, 2006);  *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979).  The analysis is similar to that employed in a motion to dismiss. *Stetz v. Reeher Enterprises, Inc.*, 70 F. Supp. 2d 119, 121 (N.D.N.Y. 1999).  The court must accept the asserted facts as true and construe them in the light most favorable to the amending party. *Id.*

In response to defendants' first motion to dismiss, plaintiff asked the court to allow him to amend his complaint and submitted a proposed amended pleading. (Dkt.

No. 28).  In that amended pleading, plaintiff requested that he be allowed to add two new defendants, Lucien LeClaire, Acting Commissioner of DOCS and S. Giguere, the Law Library Supervisor at Clinton. In addition to naming two new defendants, plaintiff has attempted to add allegations of retaliation against defendant Turner. Proposed Amended Complaint at 2.  Conclusory allegations of retaliation cannot survive dismissal. *Graham v. Henderson* 89 F.3d 75, 79 (2d Cir. 1996).  Plaintiff also states ***without support***, that a third case of his has been dismissed due to the defendants' alleged conduct. Proposed Amended Complaint at 3.

The court finds that the amended complaint as submitted does not cure the defects in plaintiff's original complaint.  Plaintiff makes only additional conclusory statements regarding both the new defendants as well as the existing defendants. Proposed Amended Complaint.  Plaintiff simply alleges that defendants generally denied him access to the law library, and then three of his cases were dismissed.  As the court has found above, the two cases mentioned by plaintiff in his original complaint were ***not*** dismissed based upon actions by the defendants, thus, there would be no reason to allow the proposed amended complaint as written.  Because the proposed amendments would be futile and do not cure the defects in the original complaint, this court will not allow the amendment.[3]

---

[3] The court does note that although the proposed amended complaint is insufficient, because the court is recommending that the court grant a motion to dismissed based upon FED. R. CIV. P. 12(b)(6), this dismissal would generally be without prejudice to plaintiff filing a proper amended complaint for the court's review.  Plaintiff should be warned, however, that conclusory allegations such as those in his first proposed amended complaint will not be accepted, and as stated above, the fact that his cases were dismissed does not mean that the dismissals were due to his inability to attend the law library.  Additionally, the fact that inmate law clerks brought

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to amend is **DENIED**, and it is further

**RECOMMENDED**, that defendants' motions to dismiss (Dkt. Nos. 20 and 40) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 22, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

plaintiff the wrong documents when he was in keeplock is not attributable to defendants.